FLOREA & CO., INC. *v.* UNITED STATES

No. 7993.— Entry No. 845859.

Second Division, Appellate Term

(Decided May 4, 1951)

*William Whynman* for the appellant.
*David N. Edelstein,* Assistant Attorney General, for the appellee.

Before LAWRENCE and FORD, Judges

LAWRENCE, Judge: In the initial decision of this case, *Florea & Co., Inc.* v. *United States*, 11 Cust. Ct. 384, Reap. Dec. 5908, the trial judge dismissed the appeal for reappraisement on the ground of non-compliance by the plaintiff with sections 481, 482, 484, and 485 of the Tariff Act of 1930 (19 U. S. C. § 1481, 1482, 1484, and 1485), but indicated in his opinion that if he had jurisdiction of the case he would hold, on the merits, that there had been failure of proof to establish a market value different from the appraised value.

This division, on review (*id.*, 15 Cust. Ct. 376, Reap. Dec. 6190), *unanimously* held (although in subsequent proceedings the trial judge stated it was a *majority* holding) that there had been substantial compliance with said sections 481, 482, 484, and 485, and proceeded to review the case on the merits, which was deemed to be in accordance with the ruling of the appellate court in the case of *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126, and a majority of the court held that there had been failure of the plaintiff to establish a value different from that found by the appraiser. Accordingly, the judgment of the trial judge dismissing the appeal was affirmed, but for the reasons last above stated.

On appeal (*Florea & Co., Inc.* v. *United States*, 34 C. C. P. A. (Customs) 26, C. A. D. 339), the appellate court was of the opinion that the division instead of passing upon the merits of the case should have sent it back to the trial judge for that purpose, and *sua sponte* remanded the case to accomplish this end.

It would serve no purpose to recite in detail the further proceedings in the case for the reason that it now comes before us for determination on a formal abandonment of the present application for review filed by appellant. It reads, so far as pertinent, as follows:

Counsel for the appellant hereby abandons the application for review in the above-entitled case.

The application for review is therefore dismissed and judgment will be entered accordingly.